IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.** **CASE NUMBER: 3:17cr19/MCR**

**BRAD T. HODGSON**
______________________________/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into, by, and between, Brad T. Hodgson, the Defendant, ~~Scott Grubman~~ THOMAS S. KEITH, as attorney for the Defendant, the United States Attorney for the Northern District of Florida, the Criminal Division of the United States Department of Justice, and the United States Attorney's Office for each of the other 93 judicial districts of the United States. This agreement specifically excludes and does not bind any state or the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

### 2. TERMS

The parties agree to the following terms:

a. The Defendant will plead guilty to Counts One, Two and Three of the Information which charges the following: Count One – conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Sections 1343,



FILED IN OPEN COURT THIS 2/27/17
CLERK U.S. DISTRICT COURT, NORTHERN DIST. FLA.

1347 and 1349; Count Two – conspiracy to unlawfully receive health care kickbacks, in violation of Title 18, United States Code, Section 371 and Title 42, United States Code, Section 1320a-7(b)(1); and, Count Three – aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1).

Penalties - For Count One, conspiracy to commit health care fraud and wire fraud, the Defendant faces up to twenty years in prison, three years supervised release, a fine of up to $250,000, forfeiture, restitution, and a $100 special monetary assessment. For Count Two, the Defendant faces up to five years in prison, three years supervised release, up to a $250,000 fine, forfeiture, restitution, and a $100 special monetary assessment. For Count Three, the Defendant faces two years in prison which must be run consecutive to any sentence imposed for Counts One and Two, one year supervised release, a fine of up to $250,000, and a $100 special monetary assessment.

If the Defendant is unable to pay the special assessment prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

b. That by voluntarily pleading guilty to the charges in the Information, the Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These

constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c. The Defendant is pleading guilty because the Defendant is in fact guilty of the charges alleged in Counts One, Two, and Three of the Information. In pleading guilty, the Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d. Upon the District Court's adjudication of guilt of the Defendant for the charged crimes, the United States Attorney, Northern District of Florida, the Criminal Division of the United States Department of Justice, and the United States Attorney's Office for each of the other 93 judicial districts of the United States, will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled. Defendant agrees that substantial evidence exists to support the charges.

e. Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

f. If the Defendant is not a citizen of the United States, the Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation.

g. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the Defendant. The United States Attorney further reserves the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

## 3. SENTENCING

a. The Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b. The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

## 4. RESTITUTION

The Defendant agrees to make full restitution to the victim(s) as determined by the Court. The victim(s) include, but are not limited to the following: TRICARE, Aetna, BCBS (Georgia, Illinois, Tennessee), CIGNA, and United Healthcare. The defendant further agrees that the amount of restitution may include losses resulting from health care claims submitted by any pharmacies that issued prescriptions during the course of the scheme, which includes, but is not limited to: Physician

Specialty Pharmacy, Burklow Pharmacy, Jay Pharmacy, and pharmacies located outside the Northern District of Florida.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

CHRISTOPHER P. CANOVA
United States Attorney

THOMAS S. KEITH
Attorney for Defendant

FOR
TIFFANY H. EGGERS
Florida Bar No. 0193968
Assistant United States Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850-444-4000

BRAD T. HODGSON
Defendant

2/27/17
Date

2/27/17
Date