IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.** **CASE NUMBER: 3:17cr19/MCR**

**BRAD T. HODGSON**
_______________________________/

# FACTUAL BASIS FOR GUILTY PLEA

The parties agree with the truthfulness of the following factual basis for the defendant's guilty plea. The undersigned parties further agree that not all of the facts known from this investigation are contained in this brief summary.

In or about 2014, M.S.B. contacted defendant Brad T. Hodgson at one of Dr. J.A.T.'s medical offices in reference to writing prescriptions for compounded pain cream, scar cream, and wellness capsules. That is, M.S.B. asked Hodgson if he would be willing to write prescriptions for compounded drugs for individuals whose names M.S.B. provided to Hodgson. As a part of the agreement, Hodgson would receive cash from M.S.B. for the prescriptions Hodgson wrote, processed, and submitted.

Thereafter, M.S.B. electronically provided Hodgson with TRICARE and other health care benefit programs' beneficiaries' personal identifying information, identification cards, and insurance cards.

FILED IN OPEN COURT THIS 2/27/17
CLERK, U.S. DISTRICT COURT, NORTHERN DIST. FLA.

Hodgson then caused prescriptions purportedly signed by Dr. J.A.T. and bearing Dr. J.A.T.'s DEA registration number to be electronically submitted in interstate commerce via email and fax to pharmacies including, but not limited to, Physician Specialty Pharmacy. Physician Specialty Pharmacy is located in the Northern District of Florida. At the same time, Hodgson also submitted "Patient Face Sheets" with the health care beneficiaries' personal identifying information to the pharmacies. Dr. J.A.T. did not authorize or sign the prescriptions Hodgson submitted. Further, the health care beneficiaries were not patients of Dr. J.A.T. or any other health care provider at Dr. J.A.T.'s medical practices. The prescriptions Hodgson submitted were not prescribed by an authorized health care provider and were not medically necessary. Thereafter, as per the agreement with M.S.B., Hodgson received cash from M.S.B. for the fraudulent prescriptions Hodgson submitted.

Following receipt of the prescriptions, employees of Physician Specialty Pharmacy and other pharmacies manufactured compounded substances and then caused the substances to be shipped to the respective health care beneficiaries. Individuals associated with Physician Specialty Pharmacy and other pharmacies then caused claims to be submitted to Express Scripts, on behalf of TRICARE and other health care benefit programs for the prescriptions. The health care benefit programs affected interstate commerce. The claims were submitted using Dr.

J.A.T.'s name and government issued DEA number that authorized Dr. J.A.T. to prescribe controlled substances in Schedules II through V. During the course of the scheme, claims for approximately 352 prescriptions, for a total of approximately $4,368,979, were submitted to Express Scripts, on behalf of TRICARE, using Dr. J.A.T. and Burklow Pharmacy's NPI numbers. Further, claims for approximately 55 prescriptions, for a total of approximately $896,361, were submitted to Express Scripts, on behalf of TRICARE, using Dr. J.A.T. and Jay Pharmacy's NPI numbers. Burklow Pharmacy and Jay Pharmacy are located in the Northern District of Florida. During the course of the scheme, prescriptions were also submitted to pharmacies located in districts other than the Northern District of Florida, including Heritage Therapeutics LLC located in the Eastern District of Pennsylvania.

Express Scripts, on behalf of TRICARE and other health care benefit programs, processed and adjudicated the claims for the prescriptions. Payments for the prescriptions were then either mailed in the form of a check or electronically sent to the pharmacies' accounts and accounts of a designated third party business. Following receipt of the payments, Burklow Pharmacy transferred a portion of the money it received to Physician Specialty Pharmacy.

## ELEMENTS OF THE OFFENSES

*Count One – Conspiracy to commit health care fraud and wire fraud*

Conspiracy, 18 U.S.C. § 1349 - ECCA Offense Instruction 54

(1) two or more people in some way or manner, agreed to try to accomplish a common and unlawful plan to commit health care fraud and/or wire fraud, as charged in the information; and

(2) the Defendant, knew the unlawful purpose of the plan and willfully joined in it.

Health Care Fraud, 18 U.S.C. § 1347 - ECCA Offense Instruction 53

(1) the Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health care benefit program, or to obtain money or property owned by, or under the custody or control of, a health care benefit program by means of false or fraudulent pretenses, representations, or promises;

(2) the health care benefit program affected interstate commerce;

(3) the false or fraudulent pretenses, representations, or promises related to a material fact;

(4) the Defendant acted willfully and intended to defraud; and

(5) the Defendant did so in connection with the delivery of or payment for health care benefits, items, or services.

Wire Fraud, 18 U.S.C. § 1343 – ECCA Offense Instruction 51

(1) the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

*Count Two - Conspiracy to unlawfully receive health care kickback*

General Conspiracy, 18 U.S.C. § 371 – ECCA Offense Instruction 13.1

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

Health Care Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(1)(A) provides,[1]

(1) whoever knowingly and willfully solicits or receives any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind--

(A) in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program,

. . .

shall be guilty of a felony.

*Count Three – Aggravated Identity Theft,* 18 U.S.C. § 1028A – ECCA Offense Instruction 40.3

(1) the Defendant knowingly transferred, possessed, or used another person's means of identification;

(2) without lawful authority;

(3) during and in relation to false statements relating to health care matters, in violation of Title 18, United States Code, Section 1035, wire

---

[1] There is no Eleventh Circuit Pattern Instruction for 42 U.S.C. 1320a-7b(b)(1)(A) therefore the relevant portion of the statute is included herein.

fraud, in violation of Title 18, United States Code, Section 1343, and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349; and

(4) the Defendant knew the means of identification belonged to an actual person.

CHRISTOPHER P. CANOVA
United States Attorney

THOMAS S. KEITH
Attorney for Defendant

FOR

TIFFANY H. EGGERS
Florida Bar No. 0193968
Assistant United States Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850-444-4000

BRAD T. HODGSON
Defendant

2/27/17
Date

2/27/17
Date